UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY R. PORTER,

                              Plaintiff                 DECISION AND ORDER

-vs-

                                                           16-CV-6744 CJS

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Tiffany R. Porter, *pro se*<br>18 Blackwatch Trail, Apartment 7<br>Fairport, New York 14450 |
| For the Defendant: | Sixtina Fernandez<br>Social Security Administration<br>Office of General Counsel<br>26 Federal Plaza, Room 3904<br>New York, New York 10278 |
| | Kathryn L. Smith, A.U.S.A.<br>Office of the United States Attorney<br>for the Western District of New York<br>100 State Street<br>Rochester, New York 14614 |

INTRODUCTION

     This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied the application of Tiffany Porter ("Plaintiff") for Social Security Disability Insurance Benefits ("SSDI"). Now before the Court is Defendant's motion (Docket No. [#10]) for judgment on the pleadings. The application is granted.

1

FACTUAL BACKGROUND

The reader is presumed to be familiar with the facts and procedural history of this action, as summarized in Defendant's Memorandum of Law (Docket No. [#10-1]). The Administrative Record is exceptionally lengthy, comprising 1507 pages. This is due to the fact that this action dates back to October 26, 2007, when Plaintiff first applied for SSDI benefits. (T. 120-124).[1]

For purposes of resolving the pending application, it is sufficient to note the following facts. Plaintiff, who was born in 1983, applied for SSDI benefits, claiming to have become disabled on July 9, 2005 (T. 122), due to "depression, arthritis in foot, knees, lower back, overweight, anemia." (T. 156). Plaintiff's last-insured date was December 31, 2010. (T. 422). Plaintiff's claim was denied initially, and on September 1, 2009, following a hearing, an Administrative Law Judge ("ALJ") issued a decision denying the claim (T. 14-27), after which the Appeals Council denied Plaintiff's request for review. (T. 1-6). Plaintiff filed an action in this Court for a review of the Commissioner's decision, pursuant to 42 U.S.C. § 405(g) (Case No. 11-CV-6280 CJS), and on April 2, 2012, this Court issued a stipulated Order remanding this action to the Commissioner for, *inter alia*, development of the record and a new hearing, pursuant to 42 U.S.C. § 405(g), sentence four. (T. 520-521).

On February 11, 2013[2] and April 16, 2013, a new hearing was conducted before an ALJ (T. 487-498, 419-486), and on July 18, 2013, the ALJ issued a decision denying

---

[1]Unless otherwise indicated, citations are to the Administrative Record, Docket No. [#9].

[2]On this date the hearing was adjourned to allow Plaintiff's attorney to obtain additional medical records.

Plaintiff's application for SSDI benefits. (T. 527-553). On August 16, 2013, Plaintiff filed written objections to the ALJ's decision. (T. 556). On December 8, 2014, the Appeals Council remanded the matter to a new ALJ for clarification of several points in the ALJ's decision, and for consideration of additional evidence that had been submitted to the Appeals Council. (T. 556-557).

On May 12, 2015, a hearing was conducted before a new ALJ (T. 388-418), and on September 8, 2015, the ALJ issued a decision denying Plaintiff's claim. (T. 361-377). That is, the ALJ found that Plaintiff was not disabled at any time between the alleged onset date, July 9, 2005, and her last-insured date, December 31, 2010. (T. 361-362). The ALJ found that Plaintiff had a variety of severe impairments (T. 363), but that she nevertheless had the residual functional capacity ("RFC") to perform less than a full range of sedentary work. (T. 366). In explaining that RFC determination, the ALJ indicated that he gave only limited weight to an opinion by Plaintiff's treating physician, Dr. Wadsworth, dated June 15, 2009, because it was inconsistent with other medical evidence of record. (T. 368-370). The ALJ also noted that Plaintiff had, in several instances, not followed through with treatment recommendations by her doctors.

On the other hand, the ALJ gave significant weight to a later opinion from Dr. Wadsworth, dated July 17, 2012, which indicated that Plaintiff had far greater abilities than were reported in Wadsworth's first report. (T. 370). In that regard, the ALJ found that Wadsworth's second report was more consistent with the medical record as a whole. (T. 370).

The ALJ went on to note that Dr. Wadsworth had later submitted two additional reports, dated November 6, 2012, and April 20, 2015, both of which the ALJ gave only

3

little weight. (T. 371-372). In that regard, Dr. Wadsworth had indicated, on the first of these reports, that he was not trained to assess disability, and that he was merely reporting what the Plaintiff told him. (T. 926). In the second report, Wadsworth indicated that Plaintiff's ability to stand, walk or sit was essentially non-existent, that she would need to take multiple "20 minute" breaks per hour, and that with regard to Plaintiff's ability to pay attention, she would be off task "more than 20%." (T. 973-974). It should be noted that these reports were purportedly assessing Plaintiff's condition as it existed long after her last-insured date.

The ALJ also discussed reports from a consulting physician and psychologist, respectively, indicating that Plaintiff's impairments were less-than-disabling. (T. 372). The ALJ gave those reports "some weight" and "significant weight," respectively. (T. 372). The ALJ also gave significant weight to opinions submitted by Plaintiff's treating License Clinical Social Worker, even though she was "not considered to be an acceptable medical source." (T. 373). Considering the medical evidence as a whole, the ALJ found that it showed Plaintiff's impairments were not as severe as she maintained. The ALJ further discussed Plaintiff's treatment history and her daily activities, and found that they did not support Plaintiff's claim of disability. (T. 374-375). Finally, the ALJ found that despite Plaintiff's limitations, she retained the ability to perform work, such as "addresser" and "table worker." (T. 376-377).

On October 14, 2015, Plaintiff filed objections with the Appeals Council. (T. 356). In that regard, Plaintiff filed the objections *pro se*, though she had been represented by

4

an attorney up until that point.[3] Plaintiff raised two objections: First, that the ALJ had incorrectly stated that she had not been taking medications for depression; and second, that the "medical records indicate[d] that [she was] disabled." (T. 356). With regard to the first objection, Plaintiff is apparently referring to the following statement in the ALJ's decision: "While the claimant was reportedly motivated in treatment, she refused to take medication because of anxiety about taking pills of any kind." (T. 373). The ALJ attributed this statement to Plaintiff's treating social worker, Debra Greenfield, LCSW. (T. 373) (citing Ex. 34F). And in fact, Greenfield indicated, in a report dated May 22, 2013, that Plaintiff was resistant to taking any kind of medication: "She continues to be resistant to taking any medication as she has anxiety about taking pills of any kind." (T. 954). In any event, on July 12, 2016, the Appeals Council denied Plaintiff's objections. The Appeals Council noted, for example, that the record supported the ALJ's statement that Plaintiff refused to take medications. (T. 348). Further, the Appeals Council indicated that despite the Plaintiff's contention that the medical records supported her claim of disability, the ALJ's determination was supported by substantial evidence. (T. 349).[4]

On November 16, 2016, Plaintiff commenced the subject action, proceeding *pro se*, and using a form complaint. The Complaint did not attach the Commissioner's most recent decisions, nor did it explain why Plaintiff was seeking review. The Complaint merely attached a copy of a letter that Plaintiff's counsel had written to the Appeals

---

[3]The record contains a letter from Plaintiff's counsel, apparently submitted by Plaintiff, indicating that he was declining to represent Plaintiff further, because he did not believe that there was a basis to appeal the ALJ's determination. (T. 347).

[4]On January 9, 2017, the Commissioner granted Plaintiff an extension of time to seek review in federal court. (T. 343-345).

5

Council in 2011, prior to the filing of her original lawsuit (11-CV-6280 CJS) discussing alleged errors made by the original ALJ in his first decision, issued in 2009. In other words, the attachment has nothing to do with the Commissioner's most-recent denial of Plaintiff's claim.

On May 1, 2017, Defendant filed the subject motion for judgment on the pleadings. (Docket No. [#10]). On May 10, 2017, the Court issued a Motion Scheduling Order [#11], directing Plaintiff to file any opposition, including any cross-motion, on or before June 21, 2017. Plaintiff has never filed anything further with the Court, including any response to Defendant's motion.

STANDARDS OF LAW

42 U.S.C. § 405(g) states, in relevant part, that "[t]he findings of the Commissioner of Social security as to any fact, if supported by substantial evidence, shall be conclusive." The issue to be determined by this Court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Defendant's motion maintains that the Commissioner's decision was legally correct and supported by substantial evidence. As already mentioned, Plaintiff's Complaint did not indicate the basis for this action, and she defaulted in responding to Defendant's motion for judgment on the pleadings. Nevertheless,

> [w]hen, as here, the Court is presented with an unopposed motion, it may not find for the moving party without reviewing the record and determining whether there is sufficient basis for granting the motion. Although failure to

6

respond may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law. Additionally, *pro se* litigants are entitled to a liberal construction of their pleadings, and therefore their complaints should be read to raise the strongest arguments that they suggest.

*Diaz v. Colvin*, No. 13-CV-664 MAT, 2014 WL 2931583, at *3 (W.D.N.Y. June 27, 2014) (citations and internal quotation marks omitted).

Because Plaintiff is proceeding *pro se*, the Court has construed her submissions liberally, and has reviewed the record for any error that would require the Court to reverse the Commissioner's decision. However, the Court finds none.

## CONCLUSION

The Court finds no basis to reverse the Commissioner's decision. Accordingly, Defendant's motion for judgment on the pleadings [#10] is granted, and this action is dismissed.

So Ordered.

Dated: Rochester, New York
     June 19, 2018

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge